William and Koryne
HORBAL, Relators,

v.

CITY OF HAM LAKE,
Minnesota, Respondent.

No. C2–86–532.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Thomas J. Barrett, Louis P. Smith, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for relators.

Wilbur F. Dorn, Jr., Dorn Law Firm. Ltd., Anoka, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This court issued writ of certiorari to review denial by respondent of relators' application for a conditional use permit. Relators claim (1) a conditional use permit was not required for operation of an adolescent group home, (2) denial of the permit was unreasonable, arbitrary, and capricious, and (3) denial violated relators' constitutional rights. We reverse.

## FACTS

On November 29, 1985, relators William and Koryne Horbal applied for a conditional use permit to establish a group home for troubled adolescents. The home was to be operated in an area and on property zoned R–1 single family residential. The Planning Commission of respondent City of Ham Lake held a public hearing regarding relators' application on January 8, 1986. After hearing from concerned citizens, the Commission voted 4–3 to grant the permit.

A second public hearing was held on February 3, 1986 before the Ham Lake City Council, after which the city council voted 3–1 to deny the permit. Respondent's city attorney drafted findings which were adopted by a unanimous council vote.

Relators petitioned this court for writ of certiorari on March 31, 1986 and the writ was issued that same day. On July 25, 1986, relators moved for jurisdictional clarification in light of *White Bear Rod and Gun Club v. City of Hugo*, 388 N.W.2d 739 (Minn.1986). By order dated August 6, 1986, this court deferred that issue until consideration of the merits.

## ISSUES

1. Is writ of certiorari in the court of appeals the proper method to review denial of a conditional use permit?

2. Should writ of certiorari have issued?

3. Was respondent's denial of the conditional use permit unreasonable?

## ANALYSIS

1. The Minnesota Supreme Court recently stated regarding proper review of zoning matters:

> [W]e conclude that *henceforth* an aggrieved person should seek relief first in the district court * * *.

*White Bear Rod and Gun Club v. City of Hugo*, 388 N.W.2d 739, 742 (Minn.1986) (emphasis added). As a matter of "judicial economy" the supreme court reached the merits of petitioner's appeal. *Id.*

■ Newly filed certiorari challenges of zoning matters are being transferred to district court. *See, e.g., Bresnahan v. City of Minnetrista*, No. CX–86–1072 (Minn.Ct. App. Aug. 5, 1986) (order transferring certiorari to district court). But relators' matter reached complete briefing at much expense to the involved parties and an adequate record was presented prior to consideration of the proper forum for review. In light of judicial economy, we review the merits of relator's legal issues raised by certiorari since the supreme court said we have concurrent jurisdiction with the district courts. *See White Bear Rod and Gun Club*, 388 N.W.2d at 742.

2. Respondent claims writ of certiorari should not have issued because petition for the writ was untimely.

Review by the Court of Appeals of * * decisions reviewable by certiorari * * * may be had by securing issuance of a writ of certiorari within 30 days after the date of mailing notice of the decision to the party applying for the writ, *unless an applicable statute prescribes a different period of time.*

Minn.R.Civ.App.P. 115.01 (emphasis added). Respondent argues relators' petition for writ was not filed until March 27, 52 days after the city council meeting.

■ Minn.Stat. § 606.01 requires a writ of certiorari to issue within 60 days of due notice of a proceeding. Relators' petition was filed within 60 days and the writ properly issued. *See In re Pinkney*, 353 N.W.2d 676 (Minn.Ct.App.1984) (Minn.Stat. § 606.01 acts as an applicable statute prescribing a different period of time).

· ■ 3. Relators claim denial of the conditional use permit was unreasonable because respondent did not apply the criteria in its zoning ordinance. The standard of review in all zoning matters is whether the zoning authority's action was reasonable and not arbitrary or capricious in light of applicable zoning ordinances. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 417 (Minn.1981).

The relevant provision of respondent's ordinance prohibits nuisances and states:

The proposed use shall not involve any element or cause any condition that may be dangerous, injurious, or noxious to any other property or persons then in existence.

Ham Lake City Code art. 9–940.3.

Respondent presented four findings supporting its denial of the permit: (1) the group home would require increased police supervision thereby depriving the remainder of the city; (2) new individuals would be detrimental to the neighborhood crime watch program; (3) community fear; and (4) the group home is a business-for-profit possessing general business purposes and needs.

■ The record does not support a finding police activity near the group home would be detrimentally increased. Testimony indicated an expected 20–30% runaway rate or 2–3 runaways per year. Testimony also predicted runaways would leave the county when running and would not incite trouble within the city. The record does not reveal domestic disputes would give rise to additional police calls. Alleged detriment to the neighborhood watch program could be occasioned by any addition of new residents to the city. Recognition of approximately 10 new faces cannot be thought to overburden the system. Community fear is not a legally sufficient reason for denial. *See Barton Contracting Co. v. City of Afton*, 268 N.W.2d 712, 718 (Minn.1978) (mere community opposition is a legally insufficient reason). Similarly, whether a group home is operated for profit is irrelevant regarding its residential or commercial nature. *See Costley v. Caromin House, Inc.*, 313 N.W.2d 21, 25 (Minn. 1981).

■ Respondent arbitrarily and without sustainable reason denied relators' application. We therefore reverse and order respondent to grant the conditional use permit.

4. Relators also claim respondent's ordinances do not require issuance of a conditional use permit for operation of the adolescent group home. They argue the proposed home would comply with single-family residential zoning and therefore a permit is not required. This argument would have been more timely made prior to relators' voluntary application for the permit. Given our decision regarding issuance of the permit, we need not reach this argument.

5. We also need not reach relators' claim denial of the permit was unconstitutional as not rationally related to a legitimate governmental purpose.

## DECISION

In order to facilitate judicial economy, we reach the merits of relators' writ of certio-

rari and determine the Ham Lake City Council unreasonably, arbitrarily and capriciously denied relators' application for a conditional use permit and order the permit be granted.

Reversed.