**CITY OF BARNUM, Minnesota Pollution Control Agency, Appellants,**

v.

**COUNTY OF CARLTON, et al., Respondents.**

No. C3–85–1419.

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Dec. 17, 1986.

Harry L. Newby, Jr., Newby, Korman, Lingren & Newby, Ltd., Cloquet, for City of Barnum.

Hubert H. Humphrey, III, Atty. Gen., Alan R. Mitchell, Sp. Asst. Atty. Gen., Roseville, for Minnesota Pollution Control Agency.

Marvin Ketola, Co. Atty., Carlton, for Carlton County.

Raymond L. Erickson, Richard J. Leighton, Hanft, Fride, O'Brien, Haries & Bujold, Duluth, for County Bd. of Carlton.

Considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This matter is before us on remand from the Minnesota Supreme Court, 389 N.W.2d 727, for reconsideration of our previous decision, *City of Barnum v. County of Carlton*, 386 N.W.2d 770 (Minn.Ct.App. 1986), in light of the supreme court's subsequent decision in *White Bear Rod & Gun Club v. City of Hugo*, 388 N.W.2d 739 (Minn.1986). We reverse the district court.

## FACTS

The facts of this case are set forth at length in our previous opinion. *City of Barnum*, 386 N.W.2d 770. They need be set forth only briefly here. In 1984, the City of Barnum applied for a conditional use permit for the construction of a stabilization pond wastewater treatment facility. At a public meeting in January 1985, the Carlton County Board voted to deny the conditional use permit. The only reason given in the minutes was that *"it appears that [the project] would substantially diminish and impair property values within the immediate vicinity of the ponds"* (emphasis added).

The city subsequently filed a petition and complaint in district court seeking a writ of mandamus to compel issuance of the permit or, in the alternative, a declaratory judgment reversing the county board's decision. After hearing additional evidence on the issues that were before the county board, the district court upheld the county board's decision, holding that the board did not act in an arbitrary and capricious manner.

On May 13, 1986, this court reversed the district court, holding that the County of Carlton arbitrarily and unreasonably denied the permit. *City of Barnum*, 386 N.W.2d 770. We directed the district court to issue a writ of mandamus ordering the county to issue the permit. *Id.* at 776. The county petitioned the Minnesota Supreme Court for further review. On July 16, 1986, the supreme court granted the petition for the limited purpose of remand-

ing the case to this court for reconsideration in light of its decision in *White Bear Rod & Gun Club v. City of Hugo*, 388 N.W.2d 739 (Minn.1986), filed June 20.

## ISSUES

1. What is the appropriate scope of appellate review of a local governing authority's denial of a conditional use permit which has also been reviewed by a district court?

2. Did this court err in ordering issuance of the conditional use permit instead of remanding to give the county board an opportunity to make sufficient findings?

## ANALYSIS

■ 1. The standard of review in all zoning matters is whether the zoning authority's action was reasonable. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416–17 (Minn.1981). When a local governing authority grants or denies a conditional use permit, it acts in a quasi-judicial capacity and is subject to more extensive judicial oversight than when it enacts a zoning ordinance or rezones. *Id.* at 417. In reviewing the zoning decisions of local governing authorities, the appellate courts must conduct an independent examination of the local authority's decision "without according any special deference to the same review conducted by the trial court." *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (Minn.1979) (quoting *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977)). The county argues, however, that when a district court reviewing a county zoning decision conducts a trial and hears additional evidence beyond that which was before the county board, the district court's findings of fact should not be set aside unless clearly erroneous.

The *White Bear* decision does not support the county's position. In *White Bear*, the supreme court applied the "clearly erroneous" standard to the district court's findings. *White Bear*, 388 N.W.2d at 743–44. However, the district court in *White Bear* did not review a zoning decision. Instead, in a separate proceeding brought by two environmental groups, it issued an injunction against the gun club for failing to comply with the Minnesota Environmental Rights Act. The issue on appeal was whether the city council had jurisdiction to entertain an application for a special use permit while the injunction was in existence. The supreme court stated:

> There are two forums exercising jurisdiction over how the gun club may use its land. The Hugo City Council's jurisdiction arises under its zoning ordinance and its authority to issue special use permits. The district court's jurisdiction has been invoked by private citizens who sought and successfully obtained a permanent injunction prohibiting a use of the land that would be in violation of the Minnesota Environmental Rights Act.

> To some extent, the jurisdiction of the two forums overlaps, but neither forum excludes the other. Each acts within its own appropriate sphere and there is no conflict. Simply put, for the gun club to conduct outdoor shooting it must be in compliance with the Hugo zoning ordinance and the special use permit issued pursuant thereto and also be in compliance with the requirements of the Minnesota Environmental Rights Act.

> The two forums have similar though different approaches to the land use issues involved. The city council applies the criteria set out in its ordinance having in mind, generally, the welfare of the community. *On appeal, the reviewing court reviews the record to determine if the decision is reasonable and based on legally sufficient reasons with a proper factual basis.* On the other hand, the district court, applying the criteria of the environmental rights act, considers whether the gun club's use of the land will pollute or impair quietude, whether there are feasible alternatives, and whether the gun club's activity is consistent with and reasonably required for promotion of public health, safety and welfare in light of the state's paramount

concern for the protection of its natural resources. The district court makes findings of fact, *which on appellate review will not be disturbed unless clearly erroneous.*

*Id.* (emphasis added) (citations and footnotes omitted).

Here, we are not dealing with two separate proceedings brought in two separate forums. The above language in *White Bear* does not affect the standard of review set forth in *Northwestern College* for appellate review of a local governing authority's denial of a conditional use permit which has also been reviewed by a district court.

The fact that the district court heard additional evidence in this case does not affect the standard of review. In *Van-Landschoot v. City of Mendota Heights,* 336 N.W.2d 503 (Minn.1983), a landowner appealed to the district court from the city council's denial of an application for a subdivision of a lot and variances. The district court considered additional evidence regarding the issues before the city council. *Id.* at 506. The supreme court reaffirmed that

[o]ur duty in considering zoning cases is to review the decision of the city council independent of the findings and conclusions of the district court.

\* \* \* \* \* \*

*Based upon an independent examination of the record,* we must determine whether the City's denial of respondent's application for subdivision was reasonable.

*Id.* at 508–09 (emphasis added) (footnote omitted). In a footnote, the court stated that

[t]he record includes the evidence before the city council at the time of its decision *as well as any new or additional evidence received at the trial* that is relevant to the issues raised and considered by the city council.

*Id.* at 509 n. 8 (emphasis added) (citing *Honn,* 313 N.W.2d at 416); *see also White Bear Docking & Storage, Inc. v. City of* *White Bear Lake,* 324 N.W.2d 174, 176 (Minn.1982); *Northwest Residence, Inc. v. City of Brooklyn Center,* 352 N.W.2d 764, 767–68 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985) (independent reviews of local governing authorities' decisions by appellate courts even though trials were held and additional evidence heard).

In *Reserve Mining,* the district court also heard additional evidence that was not presented at the administrative hearing. *See* 256 N.W.2d at 812, 819. The county correctly points out that the court in *Reserve Mining* did not consider evidence not before the administrative agency. *Id.* at 845–46. In *Honn,* the supreme court discussed this distinction between district court reviews of zoning decisions of local governing authorities as opposed to decisions of administrative agencies. The court stated that the reason a trial is appropriate in zoning cases is because

city councils and zoning boards do not ordinarily make records of their proceedings as complete and as formal as those of a state administrative agency or commission.

313 N.W.2d at 415. The court concluded that

[n]ew or additional evidence may be received at trial, but it must be *relevant to the issues that were raised and considered before the municipal body.*

*Id.* at 416 (emphasis added).

To adopt the county's position in zoning cases would effectively convert the district court to a court of first impression. This would contradict the supreme court's mandate that the appellate function in these cases is to review the decision of the local governing authority, not that of the district court. In *Reserve Mining,* the supreme court expressed its disfavor of this kind of de novo review:

We have consistently viewed with disfavor statutes which specify trials de novo and which attempt to confer original jurisdiction on trial courts over policy matters which are the responsibility of the legislative and executive branches. \* \* We have repeatedly called attention to

the danger of eroding the barriers which guarantee the separation of powers.

256 N.W.2d at 824.

This is not to say that the district court's decision is to be given no weight whatsoever. The district court's opinion should be given such weight as is given to persuasive precedent or authority from other jurisdictions, and we must give due deference to its ability to judge the credibility of witnesses. Beyond this, however, we must conduct our own independent review of the county board's decision, considering both evidence before the county board and additional evidence introduced before the district court which is relevant to the issues considered by the county board.[1]

■ 2. The county also argues that this court erred in ordering the county board to issue the permit, rather than remanding for further findings.

In *White Bear*, the appellant gun club appealed directly by writ of certiorari from the city council's denial of the special use permit. After this court dismissed the appeal, *White Bear Rod & Gun Club v. City of Hugo*, 377 N.W.2d 49, 53 (Minn.Ct.App. 1985), the supreme court granted review, reversed this court, and remanded to the city council to prepare adequate findings of fact. The court stated that after the council had done so, the gun club could, if it wished, bring a declaratory judgment action in district court. 388 N.W.2d at 742–43. The court stated in a footnote:

In *Corwine v. Crow Wing County*, 309 Minn. 345, 352, 244 N.W.2d 482, 486 (1976), we said, "If the decision-making body does not state reasons contemporaneously with its action, its decision will be prima facie arbitrary, and it will bear the burden of persuading the reviewing court that the facts and circumstances before gave rise to legally sufficient reasons for denial or revocation." *In the posture of this case*, however, even if we could conduct on certiorari a review on the merits, we would not have even non-contemporaneous findings to review. We believe the only course of action is to remand to the city council.

*Id.* at 742 n. 5 (emphasis added).

This language does not stand for the proposition that, in all cases reversing a zoning authority's denial of a special use permit, the appropriate disposition is a remand for adequate findings. The *White Bear* court's decision to remand is based, at least in part, on the inadequate record resulting from the gun club's appeal directly from the city council. *See id.* In this case, on the other hand, we had the transcript and exhibits of the district court proceeding to review. Our decision not to remand was based on "the risk that any findings made by the county board at this late date would merely rationalize their decision." 386 N.W.2d at 776. We have followed this procedure in the past. *See, e.g., Curtis Oil v. City of North Branch*, 364 N.W.2d 880, 883 (Minn.Ct.App.1985); *Reserve Mining Co. v. Minnesota Pollution Control Agency*, 364 N.W.2d 411, 415 (Minn.Ct.App.1985), *pet. for rev. dismissed* (Minn. June 10, 1985). In addition, the supreme court has held that the failure of a zoning authority to record any legally sufficient basis for its decision at the time it acted may make a prima facie showing of arbitrariness "inevitable." *Zylka v. City of Crystal*, 283 Minn. 192, 198, 167 N.W.2d 45, 50 (1969).

Here, based on our review of the district court record and the insufficient reasons for denial provided by the county board, this court determined that the evidence in the record could not support any findings that the county board might make on remand, and that the prima facie showing of arbitrariness was therefore unrebutted by the county.

1. We note that the county has not identified any finding of the district court that was based on evidence not before the county board and which should, under their argument, be reversed only if clearly erroneous. The record and the findings of the trial court indicate that it conducted a review of the county board's decision, not a trial de novo, and considered only evidence relevant to the issues before the county board.

The county argues that Minn.Stat. § 400.16 gives counties broad authority to make decisions regarding the location of stabilization ponds. This issue was not raised in the county's brief in its original appeal to this court. The supreme court granted the county's petition for review for the limited purpose of remanding to this court for reconsideration in light of the *White Bear* case. Because the applicability of section 400.16 was not an issue in *White Bear*, we will not consider it on remand.

## DECISION

We affirm our previous decision in all respects, and the trial court is reversed.