**TOBY'S OF ALEXANDRIA, INC., et al., Appellants,**

v.

**COUNTY OF DOUGLAS, Respondent.**

No. C9–95–1958.

Court of Appeals of Minnesota.

March 26, 1996.

Review Denied May 21, 1996.

Michael J. Dolan, Thornton, Hegg, Reif, Johnston & Dolan, P.A., Alexandria, MN, for Appellants.

Ann L. Carrott, Douglas County Attorney, Allen L. Senstad, Assistant County Attorney, West Alexandria, MN, for Respondent.

Considered and decided by RANDALL, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

LANSING, Judge.

A conditional use permit applicant challenges the district court's order of dismissal for lack of subject matter jurisdiction. Because a county zoning ordinance expressly provided for direct appeal to a district court, and the ordinance was within the power granted by the enabling statute, we reverse and remand.

## FACTS

In January 1995 Toby's of Alexandria applied for a conditional use permit to operate a restaurant. The Douglas County Planning Commission held a public hearing on the application and recommended approval. The Douglas County Board of Commissioners considered the application in March 1995 and denied it.

A Douglas County zoning ordinance expressly provides that any person aggrieved by the grant or denial of a conditional use permit may appeal to the district court. Toby's filed an appeal in the district court within the thirty days allowed by the ordinance.

The county board moved to dismiss the complaint for lack of subject matter jurisdiction. The district court reluctantly granted this motion for dismissal. Toby's appeals, arguing that the county zoning ordinance or equitable estoppel provides jurisdiction.

## ISSUE

Did the district court err in dismissing for lack of subject matter jurisdiction a conditional use permit appeal when the county's zoning ordinance provided for direct appeal to a district court?

## ANALYSIS

Absent an adequate method of review, judicial review of the quasi-judicial decisions of administrative bodies must be invoked by writ of certiorari. *Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn.1992). This limitation on review stems, in part, from constitutional principles of separation of governmental powers. *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 674 (Minn. 1990).

Counties are empowered by statute to conduct planning and zoning activities. Minn. Stat. §§ 394.21–.37 (1994 & 1995 Supp.). Chapter 394 specifies procedures for enacting zoning ordinances and for obtaining either variances or conditional use permits. Minn.Stat. § 394.24 (official controls); Minn. Stat. § 394.27, subd. 7 (variances); Minn. Stat. § 394.301 (conditional use permits).

The board of adjustment has the exclusive power to order the issuance of variances. Minn.Stat. § 394.27, subd. 7. The board of adjustment's decision on variances is final and appealable to the district court of the county in which the land is located. Minn. Stat. § 394.27, subd. 9.

A conditional use permit may be issued by an officer administering the county's official controls, but only upon the order of the county board or the planning commission. Minn.Stat. § 394.301, subd. 2. Chapter 394 does not specify how to appeal from a decision on a conditional use permit, but it provides that the board of adjustment has the authority to hear and decide appeals from the decision of "any administrative official"

who enforces any ordinance adopted pursuant to sections 394.21 to 394.37. Minn.Stat. § 394.27, subd. 5. Because the section governing conditional use permits, section 394.301, comes within these provisions, and because an administrative officer issues the permit (although only after an initial order by the county board or the planning commission), the issuance of the permit appears to be an appealable "decision" within the jurisdiction of the board of adjustment. Consistent with such an interpretation, the statute allows an aggrieved person or a county board an appeal to the board of adjustment from an administrative official's "order, requirement, decision, or determination." *Id.* Appeal from the board of adjustment's decision is, as with variances, to the district court. Minn. Stat. § 394.27, subd. 9.

■ Douglas County's zoning ordinances modify the statutory structure. After designating the county board as the approval authority for conditional use permits, the ordinance provides that anyone aggrieved by the county board's decision on a conditional use permit may appeal "to the District Court of this jurisdiction." Douglas County Zoning Ordinance § VI(G)(2)(b) (1993). Douglas County thus bypasses the board of adjustment level of appeal and directs an aggrieved party to appeal to the district court.

The enabling statute does not preclude counties from directing methods of appeal. The statute sets out procedures for county zoning and specifically provides that the counties may go beyond the features set forth in the enabling statute. *See* Minn.Stat. § 394.25, subd. 1 (1994) ("Official controls shall be adopted by ordinance and may include but are not limited to the features set forth in this section."). The district court has subject matter jurisdiction to decide an appeal from the county board's denial of a conditional use permit.

The county board argues, contrary to its ordinances, that under *Neitzel v. County of Redwood,* conditional use permits may only be reviewed by a writ of certiorari to this court. 521 N.W.2d 73, 76 (Minn.App.1994) (holding that writ of certiorari is appropriate mechanism for review of a county board's denial of a conditional use permit), *review*

*denied* (Minn. Oct. 27, 1994). But *Neitzel* is not premised on a similar county ordinance. In *Neitzel* the court reasoned that because no "statute or appellate rules" allowed direct judicial review, a writ of certiorari was "the only available method to obtain judicial review of the [county] board's decision." *Id.* Section VI of the Douglas County zoning ordinance, together with the enabling statute, however, provide an available method of judicial review.

Furthermore, the concern for separation of governmental powers addressed in *Dokmo* and *Dietz* must be balanced with the necessity of a coherent structure for appealing local governments' land use decisions. It would not be practical to have jurisdiction for an appeal depend on the content or form of the operative order nor would it be a productive use of judicial resources to resolve jurisdictional disputes based on estoppel or exception. An established route of judicial review is preferable. *See* Minn.Stat. § 462.361, subd. 1 (1994) (authorizing district court review of decisions made pursuant to sections 462.351 to 462.364, including variances and conditional use permits).

Because we determine that the district court possessed subject matter jurisdiction, we do not address Toby's claims of equitable estoppel, waiver, or due process. *See Shetka v. Aitkin County,* 541 N.W.2d 349, 353–54 (Minn.App.1995) (applying equitable principles to establish jurisdiction), *review denied* (Minn. Feb. 27, 1996).

## DECISION

■ A district court has subject matter jurisdiction over a county board's denial of a conditional use permit because the county zoning ordinance expressly authorizes a direct appeal to a district court, and the express authorization is within the enabling statute's grant of power to the county.

**Reversed and remanded.**