**Kathy Daniels HEIDEMAN, Relator,**

v.

**METROPOLITAN AIRPORTS COMMISSION, Respondent.**

No. C7–96–1662.

Court of Appeals of Minnesota.

Nov. 12, 1996.

si-judicial in nature and reviewable by certiorari).

Robert Latz, Latz & Latz, P.L.L.P., Minneapolis, for relator.

Sandra C. Garges, Donald W. Selzer, Jr., Oppenheimer, Wolff & Donnelly, Minneapolis, Thomas W. Anderson, General Counsel, Metropolitan Airports Commission, St. Paul, for respondent.

Considered and decided by TOUSSAINT, C.J., and KALITOWSKI and HARTEN, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Relator Kathy D. Heideman was discharged from her employment with respondent Metropolitan Airports Commission (MAC). MAC affirmed Heideman's termination on July 15, 1996. Heideman filed this certiorari appeal on August 13, 1996.

Heideman moves for a determination of whether this court or the district court has jurisdiction, indicating that she has obtained writs of certiorari in both courts. MAC takes the position that this court has certiorari jurisdiction.

### DECISION

■ "In the absence of an adequate method of review or legal remedy, judicial review of the quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari." *Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992). A writ of certiorari is the proper method for review of MAC's decision to terminate Heideman from her employment. *See id.* (citing *Dokmo v. Independent School Dist. No. 11,* 459 N.W.2d 671, 674 (Minn.1990)) (when an administrative body exercises discretion in terminating an employee, the termination decision is qua-

■ The court of appeals has jurisdiction "to issue writs of certiorari to all agencies, public corporations and public officials." Minn.Stat. § 480A.06, subd. 3 (1994). But section 480A.06, subdivision 3, "does not purport to grant exclusive jurisdiction for writs of certiorari to the court of appeals." *White Bear Rod & Gun Club v. City of Hugo,* 388 N.W.2d 739, 742 (Minn.1986) (statute providing for district court review of land use planning decisions makes clear that the district court has at least concurrent certiorari jurisdiction). Consistent with *White Bear Rod & Gun Club,* this court held that absent express statutory language vesting judicial review of an agency action in the district court, the court of appeals has exclusive jurisdiction over writs of certiorari. *Township of Honner v. Redwood County,* 518 N.W.2d 639, 641 (Minn.App.1994), *review denied* (Minn. Sept. 16, 1994); *see also Naegele v. Minneapolis Community Dev. Agency,* 551 N.W.2d 235, 237 (Minn.App.1996) (absent explicit authority for review of a local agency's quasi-judicial decision in district court, a party's sole remedy is appeal to court of appeals by writ of certiorari), *review denied* (Minn. Sept. 10, 1996).

The statute governing MAC does provide for certiorari review in the district court:

A review of any order of the commission may be had upon certiorari in the district court of Ramsey County upon petition of any party to the proceedings before the commission.

Minn.Stat. § 473.675, subd. 1 (1994).

■ Certiorari in Minnesota is not a common law writ, but a statutory remedy, and the statutory provisions are strictly construed. *State ex rel. Ryan v. Civil Serv. Comm'n,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967). The administrative procedure act provides for certiorari review by the court of appeals of a final decision in a contested case made by an agency having statewide jurisdiction. *See* Minn.Stat. §§ 14.02, subds. 2, 3; 14.63 (1994). Because MAC is not a statewide agency, Heideman is required to apply for the writ under the gener-

al certiorari statute, Minn.Stat. §§ 606.01–.06 (1994). The statute mandates issuance of the writ within 60 days after the party applying for the writ has received due notice of the proceeding sought to be reviewed. Minn. Stat. § 606.01.

In 1996, the legislature amended section 606.01 by adding the following sentence: "The parties shall apply to the court of appeals for the writ." 1996 Minn. Laws ch. 307, § 2. The legislature did not repeal section 473.675, subdivision 1, which confers certiorari jurisdiction in the Ramsey County District Court. The conflict between section 473.675, subdivision 1, and the 1996 amendment to section 606.01, which requires issuance of the writ by the court of appeals, is irreconcilable.

When there is an irreconcilable conflict between a general provision in a law and a special provision in the same or another law, the special provision shall prevail, unless the general provision was enacted at a later session and it is the manifest intention of the legislature that the general provision shall prevail. Minn.Stat. § 645.26, subd. 1 (1994).

■ Although section 473.675, subdivision 1, authorizes certiorari review in the Ramsey County District Court, Heideman must obtain the writ in accordance with the requirements of Minn.Stat. § 606.01. The 1996 amendment to section 606.01, enacted after section 473.675, subdivision 1, requires the party seeking review to apply to this court for the writ. We conclude that the 1996 amendment to the general provision, section 606.01, prevails over the earlier special provision, section 473.675, subdivision 1.

■ Moreover, we hold that the 1996 amendment to section 606.01 has repealed by implication all pre-existing special provisions allowing certiorari review in the district court. When a general law establishes a uniform and mandatory system covering a class of subjects, that law is construed to repeal pre-existing special laws on the same class of subjects. Minn.Stat. § 645.39 (1994). While repeal of a statute by implication is not favored, where a later statute accomplishes the same purpose intended to be accomplished by a previously enacted statute but in an obviously different manner, the later statute repeals and supersedes the earlier one. *State v. Elam,* 250 Minn. 274, 281–82, 84 N.W.2d 227, 232 (1957).

Because section 606.01 now provides that the party seeking certiorari review "shall" apply to the court of appeals for the writ, the statute establishes a mandatory procedure for certiorari review in this court. *See* Minn. Stat. § 645.44, subd. 16 (1994) ("shall" means "mandatory"). The amended section 606.01 accomplishes the same purpose as the special provisions allowing certiorari review in the district court, but in an obviously different manner, i.e., issuance of the writ by the court of appeals rather than the district court. Therefore, under the doctrine of repeal by implication, the amendment to section 606.01 requiring application to this court for the writ repeals and supersedes pre-existing special provisions allowing certiorari review in the district court.[1]

Because the 1996 amendment to section 606.01 confers exclusive certiorari jurisdiction in the court of appeals, only this court, and not the district court, is authorized to issue the writ for review of MAC's decision to terminate Heideman's employment.

**Appeal to proceed.**

---

1. Our holding does not affect the district court's jurisdiction over causes of action arising from decisions of administrative bodies that are not "quasi-judicial." *See Clark v. Independent Sch. Dist. No. 834,* 553 N.W.2d 443 (Minn.App. 1996)(district court lacks subject matter jurisdiction to review teacher's challenge to school district's decision to suspend him, but has jurisdiction over teacher's tort claims that are unrelated to the suspension); *In re Application of Merritt,* 537 N.W.2d 289, 290 (Minn.App.1995) (person may obtain review of county board's rezoning decision, which is legislative in nature, only by initiating declaratory judgment in district court).