**STATE of Minnesota, Eugene W. Pollard, Francisco Rodriquez, Respondents,**

v.

**Kathleen TOKHEIM, intervenor, Appellant.**

**No. C2–99–1776.**

Court of Appeals of Minnesota.

June 13, 2000.

---

Mike Hatch, Attorney General, P. Kenneth Kohnstamm, Assistant Attorney General, St. Paul, for respondent State of Minnesota.

Eugene W. Pollard, Waseca, respondent pro se.

Francisco Rodriquez, Alexandria, respondent pro se.

Albert T. Goins, Ward, Goins, Ward & Wood, P.A., St. Paul, and Manly A. Zimmerman, Zimmerman & Bix, Ltd., Minneapolis, for appellant.

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and KLAPHAKE, Judge.

## OPINION

SHUMAKER, Judge

Two Minnesota state troopers were sued and they asked the commissioner of public safety to indemnify and defend them. After reviewing written submissions of outside counsel, the commissioner refused to indemnify the troopers, finding that they were acting outside the scope of their employment.

The state filed a separate declaratory judgment, seeking a declaration that it need not indemnify the troopers. The district court granted the state's motion and the woman who sued the troopers appealed. We hold that the commissioner's refusal to indemnify the troopers was a quasi-judicial determination subject to challenge only by writ of certiorari.

Therefore, the district court lacked subject-matter jurisdiction over the declaratory judgment action. Accordingly, we vacate the judgment.

## FACTS

Minnesota state troopers Eugene Pollard and Francisco Rodriguez attended a mandatory training session at the state patrol's training facility. Later that evening, while the troopers were off-duty and out of uniform, they engaged in group sex with intervenor-appellant Kathleen Tokheim.

Tokheim claimed the sexual relations were nonconsensual and filed a civil suit against the troopers individually and in their capacity as Minnesota state troopers, and against the Minnesota Commissioner of Public Safety and the State of Minnesota. The troopers asked the state to defend and indemnify them. The commissioner notified the troopers of their opportunity for a hearing on their request:

> You [troopers] have requested defense and indemnification by the State * * *. Minn.Stat. § 3.736, subd. 9 (1996), provides that defense and indemnification is available for state employees only if the appointing authority certifies that the employee was acting within the scope of his employment in the circumstances on which the claims are based.
>
> This letter constitutes your notice that the Department believes there is a question whether your conduct was within the scope of employment and, therefore, whether you should be certified for defense and indemnification. Before a decision is made on certification, you have an opportunity to explain to the Commissioner or his designee why your conduct should be certified as within the scope of your employment.
>
> * * * You may bring legal counsel to the meeting. [Or] * * * you may make written submission[s] * * *.
>
> After considering your oral or written comments, the Department will inform you whether or not you have been certi-

fied for the purpose of providing you a defense and indemnification * * *.

Instead of attending a formal meeting, the troopers chose to submit written arguments to the commissioner through their attorneys. The commissioner refused the troopers' requests for defense and indemnification:

> I have reviewed the written submission * * *. It is my opinion that [the troopers were] not in the scope of [their] employment during this incident with Ms. Tokheim. Accordingly, pursuant to Minn.Stat. Chapter 3.736, subd. 9, the Department of Public Safety declines to certify [the troopers] for defense and indemnification in this matter.

The troopers did not appeal this decision.

The state then filed this separate declaratory judgment action and Tokheim intervened. The state moved for summary judgment, claiming that the troopers are not entitled to defense or indemnification from the state. The district court granted the state's motion. Tokheim then moved for reconsideration, claiming the commissioner's refusal to defend or indemnify the troopers was a quasi-judicial action over which the district court had no subject-matter jurisdiction. The district court denied Tokheim's motion. Tokheim appeals, asserting that the district court lacked subject-matter jurisdiction, erred in granting the state summary judgment, and was collaterally estopped from considering the matter based on a default judgment entered in federal court.

## ISSUE

The commissioner reviewed written arguments of outside counsel, made factual determinations, and applied Minn.Stat. § 3.736, subd. 9 (1996), before finding that the troopers were acting outside the scope of their employment. Do these actions constitute a quasi-judicial decision over which the district court lacks subject-matter jurisdiction?

## ANALYSIS

■ The existence of subject-matter jurisdiction is a question of law, which is reviewed de novo on appeal. *Shaw v. Board of Regents*, 594 N.W.2d 187, 190 (Minn.App.1999), *review denied* (Minn. July 28, 1999). The district court shall dismiss actions over which it lacks subject-matter jurisdiction. Minn. R. Civ. P. 12.08(c).

■ Review of quasi-judicial decisions is invoked by writ of certiorari to this court. *Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn.1992); *see also Heideman v. Metro. Airports Com'n*, 555 N.W.2d 322, 323–24 (Minn.App.1996) (holding that review of administrative decisions by writ of certiorari is exclusively to the court of appeals). A quasi-judicial decision is one which determines the rights of contending parties and is binding upon them. *Meath v. Harmful Substance Compensation Bd.*, 550 N.W.2d 275, 280 (Minn.1996). The Minnesota Supreme Court has summarized the indicia of quasi-judicial decisions as a three-part test:

> (1) investigation into a disputed claim and weighing of evidentiary facts; (2) application of those facts to a prescribed standard; and (3) a binding decision regarding the disputed claim.

*Minnesota Ctr. for Envtl. Advocacy v. Metro. Council*, 587 N.W.2d 838, 842 (Minn.1999).

■ We hold that the commissioner's refusal to defend or indemnify the troopers was a quasi-judicial decision under the three-prong test of *Metro. Council*. First, the commissioner reviewed the troopers written arguments, which summarized their version of the facts and gave their legal analysis. This was an investigation into the troopers disputed claim and a weighing of disputed evidentiary facts. Second, the commissioner analyzed the facts and Minn.Stat. 3.736, subd. 9 (1996), which allows the state to defend or indemnify its employees only if the appointing authority certifies that the employee was acting within the scope of his employment in the circumstances on which the claim is based. On this review, the commissioner refused to provide a defense or to indemnify the troopers. This is an application of facts to a prescribed standard. Finally, the commissioners decision is binding because there is no means of review other than by writ of certiorari to this court. Minn.Stat. 3.736, subd. 9, expressly vests the employees appointing authority with the power to certify an employees claim. These actions are quasi-judicial and therefore review is exclusively by writ of certiorari to this court.

Because we hold that the district court lacked subject-matter jurisdiction over the state's declaratory judgment action, we do not reach the merits of Tokheim's other claims. Lack of subject-matter jurisdiction renders a judgment void ab initio. *Kulinski v. Medtronic Bio–Medicus, Inc.*, 577 N.W.2d 499, 502 (Minn.1998).

## DECISION

The commissioners refusal to certify that the troopers were acting within the scope of their employment was a quasi-judicial decision reviewable only by a timely certiorari appeal to this court. The district court lacked subject-matter jurisdiction to consider the states declaratory judgment action and its judgment is void ab initio.

**Vacated.**