**CITY OF HIBBING, Respondent,**

v.

**Shari A. BARATTO, Appellant.**

**No. C6–00–833.**

Court of Appeals of Minnesota.

Dec. 19, 2000.

Andy Borland, Sellman Law Office, Hibbing, for respondent.

Richard E. Prebich, Hibbing, for appellant.

Considered and decided by CRIPPEN, Presiding Judge, KALITOWSKI, Judge, and FOLEY, Judge.*

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's determination that it lacked subject-matter

jurisdiction over her claim that the City of Hibbing arbitrarily denied her request for a variance to build a garage. Because we find the court's jurisdiction determined by an applicable statute, we reverse and remand for further proceedings.

## FACTS

Appellant started to build a garage because she believed her original informal contact with the city was sufficient to comply with the zoning ordinances. In fact, she had not sought or received a variance. When she did apply for a variance, after she built the garage, the city denied her request. When the city later sought a district court order to mandate removal of the garage, appellant counterclaimed to request review of the city's variance decision. Appellant sought "equitable" remedies from the trial court that would compel issuance of a variance.

## ISSUE

Did the trial court lack subject-matter jurisdiction to review the city's variance denial?

## ANALYSIS

■ Subject-matter jurisdiction is a question of law, which this court reviews de novo. *Handicraft Block Ltd. P'ship v. City of Minneapolis*, 611 N.W.2d 16, 19 (Minn.2000).

■ The trial court determined that *Shaw v. Board of Regents*, 594 N.W.2d 187 (Minn.App.1999), *review denied* (Minn. July 28, 1999), governs this case. *Shaw* holds that quasi-judicial employment decisions of the University of Minnesota are reviewable only by writ of certiorari to this court because no statute otherwise provides for review of those administrative decisions. *Id.* at 190–91. But *Shaw* is not determinative in this case because Minn. Stat. § 462.361, subd. 1 (1998), specifically

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

provides for district court review of a city council's zoning decision.[1] Under these circumstances, certiorari is not needed.

■ Respondent is similarly mistaken in arguing that this case is governed by Minn.Stat. § 606.01 (1998), which now provides that all certiorari review is to occur in the Court of Appeals. This statute governs writs of certiorari, but certiorari is an extraordinary writ that is appropriate only when no other review is authorized by law. *White Bear Rod & Gun Club v. City of Hugo,* 388 N.W.2d 739, 741 (Minn.1986). Likewise, *Heideman,* which determined that amendments to section 606.01 impliedly repealed other certiorari statutes, does not apply here, where a different review procedure is set by statute. *See Heideman v. Metropolitan Airports Comm'n,* 555 N.W.2d 322, 324 (Minn.App. 1996).

Deference to the authorizing statute is consistent with other appellate decisions. The Minnesota Supreme Court has recently pointed out that Minn.Stat. § 462.361 provides for district court review of quasi-judicial zoning decisions, in contrast to statutes governing appeals from decisions of county boards. *Interstate Power Co., Inc. v. Nobles County Bd. of Comm'rs,* 617 N.W.2d 566, 574 & n. 5 (Minn.2000) (noting as well that district court review of quasi-judicial zoning actions is in accord with the "general rule" adopted by the Supreme Court in *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981)). Deference to the statute is also in accord with this court's holding in *Toby's of Alexandria, Inc. v. County of Douglas,* 545 N.W.2d 54, 56 (Minn.App.1996), *review denied* (Minn. May 21, 1996). In *Toby's,* we ruled that the district court had subject-matter jurisdiction to review the denial of a conditional-use permit because a county ordinance properly authorized review, consistent with the enabling statute. *Id.* Significantly, we noted a preference for following the established route of judicial review and cited Minn.Stat. § 462.361 as an example. *Id.*[2]

## DECISION

The trial court erred in finding that it lacked subject-matter jurisdiction over appellant's claim that the City of Hibbing arbitrarily denied her request for a variance.[3]

**Reversed and remanded.**

---

1. The subdivision provides:

   Any person aggrieved by an ordinance, rule, regulation, decision or order of a governing body or board of adjustments and appeals acting pursuant to sections 462.351 to 462.364 may have such ordinance, rule, regulation, decision or order, reviewed by an appropriate remedy in the district court, subject to the provisions of this section. Minn.Stat. § 462.361, subd. 1 (1998). The sections referred to in this subdivision govern municipal planning; they apply to the City of Hibbing and its zoning controls.

2. We also recognized the impact of section 462.361 in *Molnar v. County of Carver Bd. of Comm'rs,* 568 N.W.2d 177, 180 (Minn.App. 1997). In that case, like the Minnesota Supreme Court in *Interstate,* we contrasted section 462.361 with the statute governing counties, which does not provide for a right of review in district court. *Id.*

3. Neither party nor the trial court has addressed what remedy would be appropriate in the district court. Appellant's complaint seeks "equitable" relief that is evidently a request for a mandatory injunction or a writ of mandamus. *See, e.g., Curry v. Young,* 285 Minn. 387, 393–96, 173 N.W.2d 410, 413–14 (1969) (finding that either mandamus or a mandatory injunction would be proper to review a city council's arbitrary denial of a variance). Appellant has made no application for declaratory relief. *See Mowry v. Young,* 565 N.W.2d 717, 719–20 (Minn.App. 1997) (refusing to allow a declaratory-judgment action to review a .quasi-judicial, final action), *review denied* (Minn. Sept. 18, 1997); *cf. White Bear Rod & Gun Club v. City of Hugo,* 388 N.W.2d 739, 744 (suggesting but not deciding that a declaratory-judgment action could be brought in the trial court to review the city council's denial of an amendment to a special-use permit).