**UNITED MIGRANT OPPORTUNITY SERVICES, INC., Appellant,**

v.

**DODGE COUNTY PLANNING COMMISSION, et al.,**
**Respondents.**

No. C1–01–1396.

Court of Appeals of Minnesota.

Dec. 10, 2001.

Caren L. Schurhammer, Schurhammer & Johnson, P.A., Faribault, MN, (for relator).

Paul Donald Reuvers, Iverson Reuvers, LLC, Bloomington, MN, (for respondents).

Considered at Special Term and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and KLAPHAKE, Judge.

## OPINION

TOUSSAINT, Chief Judge.

Relator United Migrant Opportunity Services, Inc. applied for a conditional use permit (CUP) to operate a migrant camp in rural Dodge County. On June 12, 2001, respondent Dodge County Board of Commissioners (the county board) approved relator's application with conditions. Relator filed this certiorari appeal, on August 17 challenging those conditions. The county board moves to dismiss the appeal as untimely, under a Dodge County zoning ordinance. Because relator timely obtained and served the writ under Minn. Stat. §§ 606.01–02 (2000), the county board's motion to dismiss is denied.

## DECISION

■ In the absence of an adequate method of review or legal remedy certiorari is the proper method to obtain judicial review of the quasi-judicial decisions of administrative bodies. *Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992). County authority for planning, development, and zoning is governed by Minn. Stat. §§ 394.21–.37 (2000). Chapter 394 does not provide for district court review of a county board's CUP decision. As a result, review of a county board's decision

on a CUP is obtainable only through a writ of certiorari to this court. *Neitzel v. County of Redwood,* 521 N.W.2d 73, 76 (Minn.App.1994), *review denied* (Minn. Oct. 27, 1994).

■ The appeal period and the acts required to invoke appellate jurisdiction in cases reviewable by certiorari are governed by the applicable statute. Minn. R. Civ.App. P. 115.01. Because the county board is not a statewide agency, this appeal is governed by the general certiorari statute, Minn.Stat. §§ 606.01–06 (2000). *See Heideman v. Metro. Airports Comm'n,* 555 N.W.2d 322, 323–24 (Minn.App.1996) (holding that Minn.Stat. §§ 606.01–.06 applies to certiorari appeals from decisions by local government agencies).

The statute mandates issuance of the writ within 60 days after the party applying for the writ received due notice of the proceeding sought to be reviewed. Minn. Stat. § 606.01 (2000). The parties shall apply to the court of appeals for the writ. *Id.* The issued writ must be served on the adverse party within the 60–day appeal period. Minn.Stat. § 606.02 (2000).

Relator obtained and served the writ on August 17, which was the 60th day after relator received notice of the county board's decision on June 18. The county board does not dispute that relator complied with the requirements of Minn.Stat. §§ 606.01–.02. Nevertheless, the county board argues that a county zoning ordinance, rather than Minn.Stat. §§ 606.01–.02, governed the time for relator to obtain and serve a writ of certiorari. The ordinance states that all appeals from the decision of the county board relating to a CUP shall be filed within 30 days of the board's decision with a "court of competent jurisdiction." Dodge County, Minn., Zoning Ordinance § 1807(2)(k) (1995). Because this court is the court of competent jurisdiction to issue a writ of certiorari, the county argues that, pursuant to the ordinance, relator was required to obtain the writ within 30 days of the county board's decision.

In support of its argument that the statutory time to obtain a writ of certiorari may be limited by county ordinance, the county board cites *Toby's of Alexandria Inc. v. County of Douglas,* 545 N.W.2d 54 (Minn.App.1996), *review denied* (Minn. May 21, 1996). In *Toby's,* a CUP applicant challenged the district court's order dismissing its complaint for lack of subject-matter jurisdiction. *Id.* at 55. This court reversed, holding that the district court had subject-matter jurisdiction to review the county board's CUP decision because a county ordinance properly authorized review, consistent with the enabling statute. *Id.* at 56. The enabling statute sets out procedures for county zoning and specifically provides that counties may go beyond the features set forth in the enabling statute. Minn.Stat. § 394.25, subd. 1 (2000). This court concluded that the enabling statute "does not preclude counties from directing *methods* of appeal." *Toby's,* 545 N.W.2d at 56 (emphasis added).

■ *Toby's* is distinguishable because the Dodge County zoning ordinance does not change the *method* of appeal, but rather purports to reduce the time to obtain a writ of certiorari from this court from 60 to 30 days. Because section 606.01 provides that the party seeking certiorari review "shall" apply to the court of appeals for the writ, the statute establishes a mandatory procedure for certiorari review in this court. *Heideman,* 555 N.W.2d at 324. Certiorari in Minnesota is not a common-law writ, but a statutory remedy, and the statutory provisions are strictly construed. *State ex rel. Ryan v. Civil Serv. Comm'n,* 278 Minn. 296, 301, 154 N.W.2d 192, 196 (1967).

Although a county has authority to promulgate an ordinance changing the method of judicial review of a CUP decision to an appeal to district court, the county does not have authority to limit the statutory time period to obtain a writ of certiorari from this court. This court has jurisdiction because relator timely obtained and served the writ of certiorari in accordance with Minn.Stat. §§ 606.01–.02.

**Motion to dismiss appeal denied.**