NORTHWESTERN COLLEGE, etc., Appellant,

v.

CITY OF ARDEN HILLS, et al., Respondents,

and

Arden Hills No. 3 Association, etc., Intervenor, Respondent.

No. 48736.

Supreme Court of Minnesota.

July 20, 1979.

Dorsey, Windhorst, Hannaford, Whitney & Halladay, Thomas S. Erickson, William J. Hempel, and Edward Pluimer, Minneapolis, for appellant.

Jardine, Logan & O'Brien and Pierre N. Regnier, St. Paul, for City of Arden Hills et al.

Leander G. Lippert & Associates, P.A., Minneapolis, for Arden Hills No. 3 Association et al.

Heard before PETERSON, SCOTT, and KENNEDY, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Plaintiff, Northwestern College (Northwestern), initiated this action in the Ramsey County District Court, seeking a declaratory judgment that the decision of defendant city of Arden Hills denying its application for a special-use permit to build a fine arts center was arbitrary, capricious, and void. The district court declared the denial of the permit proper in all respects. We reverse.

Northwestern is a private Christian college with an enrollment of about 800 students. The property, zoning of which is now in dispute, is located on the south shore of Lake Johanna in Arden Hills. On the east and the west, it is bounded by one-family residential areas; to the south it extends into the city of Roseville. From 1923 until 1968, the property was occupied by Nazareth Hall, a minor seminary, which included 4 years of high school and 2 years of college level education in its curriculum. In 1968, Nazareth Hall ceased providing college level instruction, and in 1970, it deeded the property to Northwestern.

At the time Northwestern acquired the property it was zoned for residential use. Zoning Ordinance No. 99, which had been adopted by Arden Hills in 1967 to implement its 1966 Comprehensive Development Plan, designated "private schools" and "public uses" as special uses that might be permitted in residential districts. The ordinance designated "private colleges" as a special use that might be permitted in limited districts. Zoning Ordinance No. 99, however, established no limited business districts. The comprehensive plan map showed Nazareth Hall, Bethel College, and a proposed bible college to be "semi-public uses," and listed "colleges" as a subcategory of "schools."[1]

In the early 1970's Northwestern obtained building permits from Arden Hills to remodel various buildings on its campus. Northwestern did not have occasion to apply for a special-use permit, however, until February 1976, after it had been given $2 million to build a fine arts center. Then a neighborhood group of residents in the vicinity of Northwestern, known as Arden Hills No. 3 Association, intervened in opposition to the granting of the permit.

The planning commission unanimously recommended that the permit be granted, as did the city attorney.[2] Despite these recommendations, however, the city council voted in September 1976 to deny the special-use permit.[3] In disposing of the application, the council did not consider the merits of the proposed use. Rather, it determined that under the existing zoning ordinance a private college was not a permitted use in a residential district.

Meanwhile, shortly after Northwestern submitted its application for a special-use permit, Bethel College (Bethel) applied for a building permit to expand its fine arts center. Bethel, like Northwestern, is a private Christian college; the enrollment of its college and seminary together totals about 2,000. Since the early 1960's, Bethel has been located on Lake Valentine in Arden Hills, on a campus that, like Northwestern's, was zoned residential under Zoning Ordinance No. 99. Despite the residential classification of its property, Bethel has obtained numerous building permits from Arden Hills and has constructed seminary buildings, housing, a chapel, a fine arts center, academic buildings, and an auditorium on its Arden Hills campus. Some of Bethel's building permits were marked "Special Use R-1" by Arden Hills. None of Bethel's applications for building permits encountered neighborhood opposition.

Northwestern's application for a special-use permit and Bethel's application for a building permit were both taken up by the planning commission at its July 6, 1976, meeting. Northwestern's application was tabled in order to further consider whether a private college was a permitted use in a residential district, and Bethel's application was forwarded to the city council with a unanimous recommendation for approval. On July 19, 1976, the city council did grant Bethel's building permit, but on September 13, 1976, it denied Northwestern's application on the ground that a private college is not a permitted use in a residential zone.

After Northwestern's special-use permit had been denied, Bethel, which previously had only applied for and received building

---

1. From 1956 until Zoning Ordinance No. 99 was passed, Zoning Ordinance No. 18 was in effect. Under this ordinance the subject property was zoned R-2, for single-family residences. Zoning Ordinance No. 18 made no reference to colleges, but "schools" were permitted uses in all districts.

   From 1953 to 1956, Zoning Ordinance No. 5, Arden Hills' first zoning ordinance, governed land use in Arden Hills. Under Ordinance No. 5, the subject property was located in Residence District "B." Zoning Ordinance No. 5 distinguished between *schools*, which were al-

lowed in all districts, and *colleges*, which were not allowed at all in certain residential districts, and only by special permit in Residence District "B."

2. Northwestern College agreed to comply with various plan modifications proposed by the planning commission.

3. There is no dispute that the Arden Hills City Council has the final authority to grant or deny a special-use permit, despite the recommendation of the planning commission.

permits, applied for a special-use permit for the first time. Arden Hills denied this permit, applying the same interpretation of the zoning ordinance it had applied to Northwestern's application. (We are informed by the parties, however, that in March 1978, after the district court had sustained the denial of Northwestern's application, Arden Hills rezoned Bethel's property to LB, limited business, the zoning classification in which a private college is a permitted special use.)

Northwestern sought a declaratory judgment in district court that the denial of its permit by Arden Hills was arbitrary and capricious and therefore void. The district court, upon determining that Arden Hills had acted in a legislative capacity, applied a limited scope of review and sustained the denial.

■ 1. We take this occasion to clarify our scope of review in zoning matters. If treated as most other civil actions, the decision of the district court in zoning matters could only be reversed by this court if clearly erroneous. In contrast, if treated as similar to an agency determination, the zoning decision of the municipality must be reviewed directly by this court and may only be reversed if the stated reasons for its decision are legally insufficient or without factual basis.

Although earlier decisions may have left some doubt with regard to the appropriate scope of review in such cases (see e.g., *Golden v. City of St. Louis Park*, 266 Minn. 46, 122 N.W.2d 570 [1963], and *Corwine v. Crow Wing County*, 309 Minn. 345, 244 N.W.2d 482 [1976]), no doubt can remain in the wake of this court's clarification of the issue in *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 822 (Minn.1977). In that case, addressing the issue of the proper scope of review of an agency decision, we wrote:

"We * * * expressly adopt a rule which we have heretofore tacitly accepted, that it is our function to make an independent examination of an administrative agency's record and decision and arrive at our own conclusions as to the propriety of that determination without according any special deference to the same review conducted by the trial court." 256 N.W.2d 824.

Although *Reserve Mining* only addressed the review of *agency* decisions, the articulated reasons for the rule enunciated make clear that the same scope is appropriate in reviewing the decisions of local governing bodies in zoning matters. See, also, *Barton Contracting Co. Inc. v. City of Afton*, 268 N.W.2d 712 (Minn.1978), and *Amdahl v. County of Fillmore*, 258 N.W.2d 869 (Minn. 1977), in which we independently examined the action of the local governing body to determine its propriety, rather than merely reviewing the decision of the district court for clear error. Thus, in light of *Reserve Mining*, *Amdahl*, and *Barton*, it is clear that this court's role in the present case is to review the decision of the Arden Hills City Council, independent of the findings and conclusions of the district court.[4]

■ 2. Regardless of whether we judicially review Arden Hills' denial of Northwestern's permit as a legislative act or as a quasi-judicial or administrative act, we are compelled to conclude that it was patently arbitrary and that it denied Northwestern equal protection of the laws. As previously noted, Bethel, which like Northwestern is a private college located on property zoned residential, has been granted numerous building permits to construct student and missionary housing, college buildings, and an addition to its fine arts center. In contrast, Northwestern was denied a special-use permit to construct a fine arts center on

4. Numerous decisions of this court have either expressly declared or have implied that the same scope of review is applied by this court in zoning cases as in any other civil matter. See, e. g., *Merriam Park Community Council, Inc. v. McDonough*, 297 Minn. 285, 210 N.W.2d 416 (1973); *Golden v. City of St. Louis Park*, 266 Minn. 46, 122 N.W.2d 570 (1963). Such decisions are inconsistent with the rule that has emerged from *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808 (Minn.1977); *Amdahl v. County of Fillmore*, 258 N.W.2d 869 (Minn.1977); and *Barton Contracting Co. Inc. v. City of Afton*, 268 N.W.2d 712 (Minn.1978), and are to that extent overruled.

the ground that it is not a permitted use in a residential district.

■ A zoning ordinance must operate uniformly on those similarly situated. See, generally, 3 Anderson, American Law of Zoning (2 ed.) §§ 19.05 and 19.28. As we made clear in *Hay v. Township of Grow*, 296 Minn. 1, 206 N.W.2d 19 (1973), the equal protection clauses of the Minnesota Constitution and of the Fourteenth Amendment of the United States Constitution require that "one applicant not be preferred over another for reasons unexpressed or unrelated to the health, welfare, or safety of the community or any other particular and permissible standards or conditions imposed by the relevant zoning ordinances." 296 Minn. 8, 206 N.W.2d 24.

Arden Hills justified the unequal treatment of Northwestern and Bethel by pointing out that Bethel had previously never applied for a special-use permit, so that the issue whether a college was a permitted use in a residential district had never been raised with regard to Bethel; and, further, when Bethel did subsequently apply for a special-use permit, it was denied. Arden Hills also argues that it should not be bound by its erroneously issued building permits.

Arden Hills' contentions fail to consider that Bethel's application for a building permit to expand its fine arts center was unanimously approved at the same time Northwestern's application was being subjected to further review to determine whether a college was a permitted use in a residential district. This discrimination has not been justified by Arden Hills, and it falls squarely within the rule announced in *Hay*, prohibiting the unequal treatment of similarly situated parties. As we stated in *Hay*:

"  *  *  * The almost simultaneous filing of two applications . * * * clearly mandated that both applicants be accorded equal treatment * * * . No legitimate interest of the municipality was furthered by the differential treatment accorded plaintiffs' application." (Footnote omitted.) 296 Minn. 7, 206 N.W.2d 23.

■ Apparently the only interest that was furthered by the differential treatment accorded Northwestern's and Bethel's applications was that of intervenor, Arden Hills No. 3 Association. Although neighborhood sentiment may be taken into consideration in any zoning decision, it may not constitute the sole basis for granting or denying a given permit. See, 3 Anderson, American Law of Zoning (2d ed.) § 19.27; Gitelman, *The Role of the Neighbors in Zoning Cases*, 28 Ark.L.Rev. 221.

The disparate treatment of Northwestern and Bethel is constitutionally impermissible. Because Bethel has long been allowed to pursue its course of construction merely by complying with Arden Hills' requirements in obtaining building permits, no more may be required of Northwestern on the instant application.

Today's decision is limited to ordering that Arden Hills grant a building permit to Northwestern to construct its proposed fine arts center, subject only to an application for such permit in the usual form and substance therefor. Arden Hills is not otherwise bound in perpetuity by what it has asserted to be prior erroneous applications of its zoning ordinance and may in the future require Northwestern to exhaust its administrative remedies by application for the appropriate rezoning of its campus.

Reversed.

TODD, J., took no part in the consideration or decision of this case.