**John F. SWANSON, et al., Appellants,**

v.

**CITY OF BLOOMINGTON, Respondent.**

No. C3–86–782.

Court of Appeals of Minnesota.

Nov. 10, 1986.
Review Granted Jan. 16, 1987.

720

Matthew L. Fling, John J. Waters, Bloomington, for appellants.

Floyd B. Olson, Bloomington City Atty., Eric R. Berg, Associate City Atty., Bloomington, for respondent.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FOLEY, Judge.

This appeal is from the trial court's grant of summary judgment to respondent City of Bloomington. Appellants John F. Swanson and Danald D. Cadmus commenced this declaratory judgment action against respondent following denial of their application for permission to subdivide an existing residential lot. On appeal, they contend that the trial court improperly granted summary judgment based on a review of the city council record only and that they are entitled to a trial in order to present additional relevant evidence. We agree and remand the matter for further proceedings.

## FACTS

Appellants submitted an application to respondent to subdivide an existing platted, single-family residential lot into two lots. The lot is located in a heavily forested development called "Timberglade." The proposed plat met the various objective subdivision standards, such as lot size and frontage, and complied with the city zoning ordinance. After reviewing the application, the Bloomington Administrative Subdivision Review Committee recommended its approval to the Bloomington City Council.

The subdivision application was considered at four consecutive city council meetings. During these meetings, the council heard testimony from appellants and from a number of Timberglade residents concerned about the impact the proposal would have on their neighborhood. Testimony was also heard from a landscape architect retained by appellants and from a certified wildlife biologist whom the residents had asked to speak. The council was presented with memoranda submitted by Richard Geshwiler, the city's Director of Planning and by Glen Shirley, the city's forester. Both concluded that the proposed subdivision could potentially damage the surrounding woodland and vegetation, and both recommended that the application be denied.

Based on the testimony and evidence submitted, the city council voted to deny

the application and requested that the city attorney prepare a resolution of denial. At its next meeting, the council formally adopted a written resolution setting out several reasons for denial of the application, as required by section 16.05.01(e) of the Bloomington City Code.

Appellants commenced this declaratory judgment action, seeking an adjudication that the denial of the plat was arbitrary and capricious and requesting either approval of the plat or a finding that there had been a taking without just compensation. Respondent subsequently moved for summary judgment, contending that appellants' exclusive remedy was by writ of certiorari and that the district court lacked jurisdiction over the matter. Appellants filed a memorandum in opposition to respondent's motion for summary judgment and a motion to compel discovery because they had not yet received responses to interrogatories and a request for production of documents. Both motions were scheduled to be heard at the same time.

At the hearing, respondent apparently abandoned its original position that certiorari was the exclusive remedy.[1] Instead, it requested that the trial court grant summary judgment based strictly on the record, which consisted of verbatim transcripts of the council meetings, the resolution of denial adopted by the council, and the memoranda of Geshwiler and Shirley. Appellants were allowed to submit a supplemental memorandum in opposition to respondent's new arguments. In this supplemental memorandum, appellants asserted that summary judgment was inappropriate because they were entitled to present additional evidence relevant to the issues before the council, including information which they hoped to obtain when respondent complied with their discovery requests.

Rejecting appellants' argument that a proper review could not be made of the record as it then existed, the trial court

concluded that respondent's decision had a rational basis and granted respondent's motion for summary judgment. No ruling was made on appellants' motion to compel discovery. This appeal followed entry of judgment.

## ISSUE

Did the trial-court err in granting summary judgment to respondent based solely on the record considered by the city council?

## ANALYSIS

Appellants contend that summary judgment was inappropriate because they were not given an opportunity to present relevant additional evidence as mandated by *Honn v. City of Coon Rapids*, 313 N.W.2d 409 (Minn.1981). We agree.

*Honn* involved a declaratory judgment action brought by landowners challenging denial of a request for rezoning. The parties "came to court with no record of the proceedings below, indeed with no findings of fact but only the minutes of its public hearing." *Id.* at 413. Instead of conducting a trial, the trial court "treated the case as one 'in the nature of certiorari'" and "instructed the parties to prepare an 'agreed upon record' of the proceedings before the city council." *Id.* at 412. Based upon this record, the trial court reversed the city council's decision and ordered respondent to rezone.

On appeal, the supreme court first concluded that certiorari was not the proper procedure to review a rezoning decision, which is legislative in nature. Certiorari, it was noted, lies to review a quasi-judicial proceeding presenting a legal question and involves an inspection of the record below. *Id.* at 414. Discussing whether review of a zoning decision on a declaratory judgment action is limited to the evidence presented below or whether the parties are entitled to

---

1. No transcript of this hearing was provided, and it is unclear exactly what transpired. Nevertheless, the parties' memoranda, which were filed with the district court and are part of the record on appeal, are enlightening and reveal the probable sequence of events.

a trial and to present additional relevant evidence, the supreme court noted:

> Prior to 1979 this court reviewed zoning matters like other civil actions. But in that year, in our review of a denial of a special use permit to Northwestern College in Arden Hills, we announced a new rule. We held the scope of review adopted in *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 822 (Minn.1977), for review of state agency decisions was appropriate in reviewing the decisions of local governing bodies in zoning matters. *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (1979). We quoted from *Reserve Mining* that our function was "to make an independent examination of an administrative agency's record and decision" and to arrive at our own conclusions "without according any special deference to the same review conducted by the trial court." *Id.*, 281 N.W.2d at 868.

> \*     \*     \*     \*     \*     \*

> While in *Northwestern College* we were announcing the kind of review this court would take on appeal from the district court's ruling, our quotation from *Reserve Mining* suggests that the district court's review would be of the record made before the local zoning body, the same as for a governmental agency. The difficulty with this, however, is that city councils and zoning boards do not ordinarily make records of their proceedings as complete and as formal as those of a state administrative agency or commission.

*Id.* at 415 (footnote and citation omitted).

Based on this reasoning, the supreme court set out a procedure to be followed on review of any zoning matter. Under this procedure, the parties are entitled to a trial, but the evidence is limited to that presented before the municipal body or to new or additional evidence relevant to issues that had been raised and considered before the municipal body. *Id.* at 416.

Citing the last sentence from the above quoted language in *Honn*, the trial court in this case determined that the procedure for review set forth in *Honn* need not be followed because an accurate verbatim record of the council proceedings was available. However, this language merely distinguishes records kept by state agencies from those normally kept by local governing bodies and cannot be interpreted as creating an exception to *Honn's* clear procedural mandate.

By limiting its review to the record before the council, the trial court here treats the matter as one in certiorari. However, appellants are challenging the reasonableness of the council's quasi-judicial action, and declaratory judgment is the remedy sought. *See Ostrand v. Village of North St. Paul*, 275 Minn. 440, 147 N.W.2d 571 (1966) (declaratory judgment action used to challenge denial of a building permit) (cited by *Honn*, 313 N.W.2d at 414 n. 3). The procedures set out in *Honn* are to be followed when reviewing "*any* zoning matter, whether legislative or quasi-judicial" and clearly must be followed in this case. *Id.* at 416 (emphasis added).

Respondent argues that a review of the record in this case was proper under *Hubbard Broadcasting, Inc. v. City of Afton*, 323 N.W.2d 757 (Minn.1982). We find *Hubbard* to be distinguishable. In *Hubbard*, the landowners had brought a declaratory judgment action to review the city's denial of a special-use permit or, in the alternative, for a determination that there had been a taking of the property without just compensation. The landowners had argued below and initially on appeal that they were entitled to a trial de novo or an evidentiary hearing on all issues before the district court.

After requesting supplementary briefs in light of its then recent decision in *Honn*, however, the supreme court noted that the landowners "basically reversed themselves and considered such a hearing as to the permit denial to be of 'marginal' value." *Id.* at 761. The supreme court further concluded that when both parties submitted proposed findings of fact and conclusions of law at the request of the district court on both the permit denial issue and the

taking issue, they "acquiesced in the [district] court's determining both issues on the record." *Id.* at 762.

Unlike *Hubbard,* the parties in this case neither agreed nor acquiesced to a review of the record. While *Hubbard* is not controlling here, it *does* serve to limit *Honn* by indicating that a full trial may not be required where the parties *agree* or *acquiesce* to a review of a clear and complete record and where the parties are allowed to augment that record with any new and additional evidence relevant to the issues considered below. *See Town of Grant v. Washington County,* 319 N.W.2d 713, 714 n. 1 (Minn.1982) (district court could properly review a transcript of the hearings before the local board and other documentary evidence where "[t]he parties stipulated to this record without direction or participation by the court, and the record was clearly adequate for purposes of review") (cited by *Hubbard,* 323 N.W.2d at 761 n. 2); *City of Barnum v. County of Carlton,* 394 N.W.2d 246, 248 (Minn.Ct. App.1986) (adequate record for review developed in district court, which heard additional evidence relevant to the issues before the county board).

Respondent further asserts that appellants were given an opportunity to augment the record and chose to only submit a supplemental memorandum. It is clear from a close examination of the record, however, that respondent mischaracterizes the context in which this memorandum was submitted. Respondent had initially argued that summary judgment was proper because the district court did not have jurisdiction; at the hearing, it changed its position. Appellants were allowed to submit this supplemental memorandum to address the new issues raised by respondent at that hearing.

The record thus does not establish that appellants were given an opportunity to augment the record with evidence relevant to the issues considered by the council. Indeed, their attempts at discovery were ignored both by respondent and by the trial court, making it virtually impossible for them to submit additional evidence and to present their position fully.

The trial court therefore erred in granting summary judgment to respondent based solely on the record before it. Under *Honn,* the parties are entitled to present additional relevant evidence to the district court and to pursue discovery in preparation for further hearing.

### DECISION

The trial court's grant of summary judgment to respondent is reversed, and the matter is remanded to the trial court for further proceedings.

Reversed and remanded.