**CITY OF ST. PAUL, Respondent,**

v.

**Tammie NELSON, Appellant.**

**No. C1–87–29.**

Court of Appeals of Minnesota.

May 5, 1987.

Review Denied June 26, 1987.

Edward P. Starr, Jr., City Atty., St. Paul, for respondent.

Tammie Nelson, pro se.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

### OPINION

WOZNIAK, Judge.

Appellant Tammie Nelson was found guilty of a misdemeanor for keeping a

chicken on her premises without a permit in violation of the St. Paul city code. Nelson appeals, claiming that she originally complied with the ordinance and that the ordinance is invalid as applied to her. We affirm.

## FACTS

This is the case of Jerry, the crowing rooster, who has run afoul of the neighbors and the law. His proclivity for crowing loudly and clearly many times during the day, but particularly in the early morning hours, has caused his owner Nelson to be charged with maintaining a nuisance.

As a result of neighbors' complaints, Nelson subsequently applied to the Division of Public Health for a permit as required under St. Paul, Minnesota City Charter and Legislative Code § 198.02, subd. 2. The permit was denied, however, because Nelson failed to obtain the required number of signatures from her neighbors under subdivision four of the code. Nelson claimed she had the requisite number of signatures, but the record indicates the health officer would have denied the permit anyhow due to the large number of complaints.

Nelson was charged with a misdemeanor for failing to remove the rooster from her premises after her application for a permit was denied. At the hearing, Nelson admitted to keeping the rooster in her dwelling without a permit. She claimed that she complied with the ordinance and permit application procedure, and also alleged the ordinance was invalid. The trial court found Nelson guilty and imposed a fine. Although the city has failed to file a brief in response to Nelson's claims, we proceed on the merits pursuant to Minn.R.Civ. App.P. § 142.03. Nelson appeals the conviction.

## ISSUE

Did the trial court err by finding appellant guilty of violating St. Paul, Minnesota City Charter and Legislative Code § 198.02, subd. 2?

## ANALYSIS

On appeal, the trial court's ruling is not to be disturbed unless clearly erroneous, either on a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. *Reserve Mining Co. v. State*, 310 N.W.2d 487, 490 (Minn.1981). Nelson was required to obtain a permit for her rooster under the following ordinance:

No person shall keep or permit more than one live rabbit, *or any* chinchilla, mink, *chicken*, turkey, duck, goose, pigeon, or similar small animal or bird, in any dwelling or on the same lot or premises with a dwelling, or other premises within the city without a permit.

St. Paul, Minnesota City Charter and Legislative Code § 198.02, subd. 2 (3d ed. 1985) (emphasis added). Nelson clearly violated the city code by keeping her "chicken" on the premises without a permit.

Nelson alleges that she complied with the code and permit application criteria. She claims her rooster is not a nuisance and does not endanger the public health. The city demonstrated that the permit was denied because she failed to obtain written consent of 75% of the owners or occupants of real estate within 150 feet of the outer boundaries of her premises. *Id.* § 198.04, subd. 2. Nelson claims she obtained the requisite number of signatures. However, the record shows that the permit's denial was also based upon the number of complaints, and would have been denied even with the proper number of signatures.

A health officer may refuse to grant a permit to maintain animals

if the facilities for the keeping of the animals are or become inadequate for their purpose, * * * *if a nuisance condition is created*, or if the public health and safety would be unreasonably endangered by the granting of such permit.

*Id.*, subd. 6 (emphasis added). Moreover, section 198.06 also holds "[n]o person shall keep any animal, bird, or other living thing in such a manner as to constitute a nuisance."

We find that numerous complaints of a rooster's frequent crowing at incon-

venient hours demonstrate a nuisance. Nelson thus failed to comply with the code and denial of the permit was justified. The trial court's ruling consequently was supported by the evidence and was based upon a proper view of the law. In view of our finding of a nuisance, it is unnecessary to rule whether Jerry the rooster endangers the public health and safety under the code.

Finally, Nelson contends the ordinance is unconstitutional and unfairly restricts the kind of pet she may keep while exempting certain organizations and animals from permit regulations. A constitutional analysis reveals no interference with any fundamental constitutional rights.

## DECISION

The trial court's ruling that Nelson violated St. Paul, Minnesota City Charter and Legislative Code § 198.02, subd. 2 was not clearly erroneous.

Affirmed.