BBY INVESTORS, Petitioner, Appellant,

v.

The CITY OF MAPLEWOOD, et al., Respondents.

No. C1-90-2048.

Court of Appeals of Minnesota.

March 26, 1991.

Review Denied May 23, 1991.

Christopher J. Dietzen, Daniel W. Voss, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

John F. Bannigan, Jr., James J. Hanton, Bannigan & Kelly, P.A., St. Paul, for respondents.

Considered and decided by DAVIES, P.J., and RANDALL and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

This is an appeal from a judgment entered by the trial court dismissing the claims of BBY Investors, Inc. that it was wrongfully denied a conditional use permit to construct an apartment complex. We affirm.

## FACTS

This matter arises out of BBY's attempt to obtain a conditional use permit to build an apartment complex on property it owns in the City of Maplewood.

In 1973, the city adopted a comprehensive land use plan. Under the comprehen-

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

sive plan, the land in question was designated high density residential, but zoned limited business commercial. In 1983, it was proposed that the zoning be changed to high density residential to make the zoning consistent with the comprehensive plan designation. The city council refused to change the zoning, however, and instead changed the comprehensive plan designation to limited service commercial. The effect of this amendment was to make the plan's designation of the land as limited service commercial consistent with its zoning as limited business commercial.

BBY acquired the property in 1988, and applied for an amendment to the comprehensive plan to designate the property high density residential and for a conditional use permit for a planned unit development. The city council held a public hearing on BBY's application on March 2, 1988. BBY made an opening presentation and was allowed to rebut evidence submitted during the public portion of the hearing. BBY introduced expert testimony and reports. The hearing was tape recorded and a verbatim transcript was prepared by a court reporter who was at the hearing.

After the March 2, 1988 hearing, the city council voted on a motion to amend the comprehensive land use plan designation to high density residential. The motion was defeated by a 5–0 vote.

At a March 13, 1988 meeting, the city council voted to reconsider BBY's application on March 27, 1988. In the interim, on March 20, 1988, BBY commenced this lawsuit. The city council reconsidered BBY's application at its March 27, 1988 meeting. A motion carried to formally deny amendment to the comprehensive plan and city staff was directed to draft findings based on the March 2, 1988 hearing.

On March 28, 1988, BBY obtained a temporary restraining order restraining the city from adopting findings or taking any further action with respect to appellant's application. The trial court dissolved the temporary restraining order on May 22, 1989. On June 8, 1989, the city adopted findings denying appellant's application.

The June 8, 1989 resolution contains the following conclusions:

1. That the application of BBY for an amendment of the [comprehensive plan] from [limited service commercial] to [high density residential] is hereby denied.

2. That the application of BBY for a [conditional use permit] for a [planned unit development] is hereby denied because the Council cannot make the first finding required thereunder that the proposed use is [in] conformity with the City's [comprehensive plan].

3. That the burden of proof for the necessity of an amendment to the [comprehensive plan] is that of the applicant and has not been met here.

4. That the 1983 amendment of the [comprehensive plan] as it pertains to the subject property was valid and BBY's challenge thereto is untimely and without standing.

When the lawsuit came on for trial, the parties stipulated to submit the case on the record created before the city council. The trial court heard oral arguments on October 8, 1989.

On January 8, 1990, the trial court filed findings of fact, conclusions of law and order for judgment affirming the action of the city council. Despite the second conclusion quoted above, the trial court remanded the matter to the city council to consider BBY's request for a conditional use permit as opposed to a request for an amendment to the comprehensive land use plan.

On March 12, 1990, the city council found it had denied the conditional use permit on June 8, 1989. It refused to consider the application again because the city code prohibits considering a conditional use permit within one year from denial of a previous application.

The trial court filed supplemental findings of fact, conclusions of law and order for judgment on June 12, 1990. The trial court concluded the city's decision was neither arbitrary nor capricious. Judgment was entered dismissing BBY's complaint. BBY appeals.

## ISSUES

1. Did the city wrongfully deny BBY a conditional use permit?

2. Did the trial court err in dismissing BBY's claim there was a taking of the property without just compensation?

## ANALYSIS

1. BBY contends the city wrongfully based its refusal to grant the conditional use permit on the ground the first finding required under code provisions governing the issuance of conditional use permits could not be made.

■ On appeal, this court makes an independent examination of the city's action. *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865, 868 (Minn. 1979). Whether the city's action is legislative (zoning) or quasi-judicial (special use permits), our standard of review is whether the action was reasonable. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416–17 (Minn.1981). The nature of the action, however, bears on what is reasonable. *Id.* at 417. As the supreme court has stated:

> In enacting a zoning ordinance or in amending an ordinance to rezone, the approach is legislative; what is involved is a kind of municipal planning in which a wide range of value judgments is considered. On the other hand, in * * * denying a special use permit, the inquiry is more judicial in character since the zoning authority is applying specific use standards set by the zoning ordinance to a particular individual use.

*Id.* The interpretation of an ordinance is a question of law for the court. *Frank's Nursery Sales v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980).

The city code governing conditional use permits provides that they *"may* be issued by the city council in *any* zoning district" under certain circumstances. Maplewood, Minn., Code § 36–437 (1983) (emphasis added). One of the situations in which a conditional use permit may be issued in any zoning district is when the project is a planned unit development, as is the proposed project here. *See* Maplewood, Minn.,

Code § 36–437(9). Nonetheless, the city code also provides that conditional use permits *"shall* be based" on a finding that the "use is in conformity with the city's comprehensive plan." Maplewood, Minn., Code § 36–442(b)(1) (1983) (emphasis added).

■ "A local governmental unit shall not adopt any official control * * * which is in conflict with its comprehensive plan." Minn.Stat. § 473.865, subd. 2 (1988). The city code requirement that a conditional use permit must be for a use that is in conformity with the comprehensive plan is simply a codification of this statutory rule. We hold this rule of consistency supports the city council's finding that a conditional use permit could not be issued to BBY unless the comprehensive plan designation was changed from limited service commercial to residential.

■ BBY argues, however, that application of Minn.Stat. §§ 473.858, subd. 1 and 462.357, subd. 2 (1988) leads to a different conclusion. We disagree. Those statutes provide that a zoning ordinance supersedes a comprehensive plan if the two are in conflict. This is not such a situation, however, because there is no conflict between the plan and the ordinance. Both provide the use is to be limited commercial. The exception for a conditional use permit under the zoning ordinance does not create a conflict because it cannot be made if the use is not in conformity with the plan.

BBY has misplaced reliance on *Amoco Oil Co. v. City of Minneapolis*, 395 N.W.2d 115 (Minn.App.1986). BBY contends that under this decision inconsistency between a conditional use permit and a comprehensive plan is not a legally sufficient basis for denial of the conditional use permit under the facts of this case.

In *Amoco*, however, the ordinance did not list conformity with the plan as a factor to consider in deciding whether to grant a conditional use permit. *Id.* at 117–18. The ordinance here *does* require conformity with the plan. Furthermore, the Minnesota Supreme Court has stated that a conditional use permit may be denied when the proposed use conflicts with the comprehensive plan. *See Hubbard Broadcasting,*

*Inc. v. City of Afton,* 323 N.W.2d 757, 763 (Minn.1982).

■ BBY also complains that the city council caved into pressure from neighborhood opposition. The simple fact that some people in the community oppose a particular use of property is not a legally sufficient reason to deny a conditional use permit. *Barton Contracting Co. v. City of Afton,* 268 N.W.2d 712, 718 (Minn.1978). Nevertheless, neighborhood feeling may be taken into account. *Swanson v. City of Bloomington,* 421 N.W.2d 307, 313 (Minn. 1988).

■ The testimony opposing the issuance of the conditional use permit also effectively rebutted BBY's evidence. BBY argues the city council could only base its decision on the expert testimony presented by BBY. Contrary to the urging of BBY, we read nothing in *Swanson* requiring expert testimony only be rebutted by other expert testimony.

■ We also find no merit in BBY's argument that the city council failed to issue contemporaneous findings, thereby rendering its findings suspect as after-the-fact rationalizations. *See Honn,* 313 N.W.2d at 416 (failure to record legally sufficient basis at time of action is inevitably a prima facie showing of arbitrariness) (citation omitted). The city council was moving forward to adopt contemporaneous findings when it was prevented from doing so by the temporary restraining order BBY obtained. Once the temporary restraining order was dissolved, the city council expeditiously made findings. Furthermore, BBY was sufficiently satisfied with the record made before the city council that it stipulated in the trial court to submit the case on the record before the city council. *See Swanson,* 421 N.W.2d at 312 (parties acquiesce to trial court's decision when record is clear and complete, especially when record is agreed upon) (citation omitted).

■ For the above reasons, we find it was reasonable for the city to refuse to amend the comprehensive plan and to deny the conditional use permit on the ground the use would be inconsistent with the comprehensive plan. The finding of the city council that a commercial use of the land will expand the tax base more with less demand for municipal services than a high density residential development is a reasonable legislative decision. *See Honn,* 313 N.W.2d at 417 (legislative zoning subject to less judicial oversight because municipal body formulating public policy). We also note that not all reasons given by the city have to be legally sufficient. *See Barton,* 268 N.W.2d at 719.

We hold the city council's denial of a conditional use permit was based on legally sufficient and factually supported reasons. The city's action was reasonable and not arbitrary and capricious.

■ BBY's argument that it has standing to challenge the 1983 amendment to the comprehensive plan that changed the plan designation from residential to commercial is also meritless. BBY did not acquire the property until 1988 and should have been well aware of the plan designation and the zoning. In any event, whether dealt with as a challenge to the 1983 amendment or as a refusal to amend the 1988 comprehensive plan, the issue remains the same. That issue is whether the city council was reasonable in determining the designation of the land in the comprehensive plan. We hold it was.

■ 2. BBY contends the trial court erred in dismissing its claim for wrongful taking of property without just compensation. We find no error. Land use regulation is not a compensable taking if it does not deprive the property of all reasonable use. *Hubbard,* 323 N.W.2d at 766 (citation omitted). BBY has not shown it cannot put this property to any other reasonable use.

Because we have found the city acted reasonably, we do not reach BBY's claim of a due process violation.

## DECISION

Affirmed.