**STATE of Minnesota, Respondent,**

v.

**Tammie NELSON, Appellant.**

**No. C5–92–1490.**

Court of Appeals of Minnesota.

May 4, 1993.

Review Denied June 22, 1993.

Hubert H. Humphrey, III, Atty. Gen., Martin J. Costello, Hughes & Costello, St. Paul, for respondent.

Tammie Nelson, pro se.

Considered and decided by ANDERSON, P.J., and SCHUMACHER and HARTEN, JJ.

## OPINION

SCHUMACHER, Judge.

Tammie Nelson appeals her conviction under a Maplewood zoning ordinance, arguing that her pet rooster is not livestock prohibited by the ordinance. We reverse.

1. This is not Jerry's, nor his owner's, first appearance before this tribunal. In 1987, this court upheld Nelson's misdemeanor conviction for keeping her rooster in violation of a St. Paul ordinance. *See City of St. Paul v. Nelson*, 404 N.W.2d 890 (Minn.App.1987). The earlier adjudication is not relevant here because the St. Paul ordinance, unlike the Maplewood code, expressly prohibited the keeping of a chicken without a permit. *See* St. Paul, Minn., Legislative Code § 198.02, subd. 2 (3d ed. 1985).

2. Maplewood, Minn. Zoning Ordinance § 36–66(c)(1) provides:
   (c) *Prohibited uses.* The following uses are prohibited:

## FACTS

Nelson keeps Jerry, an eight-year-old adult rooster, at her Maplewood residence as a pet. Jerry is housed in a cage in Nelson's yard and is prone to herald the breaking of dawn each day with a resounding cock-a-doodle-doo. The city alleges that neighbors have frequently complained about the rooster's crowing.[1] In June of 1992, Nelson was cited by the city's environmental health officer for violation of Maplewood, Minn. Zoning Ordinance § 36–66(c)(1) (1988), which prohibits the "raising or handling of livestock or animals causing a nuisance." [2] The ordinance also provides that violations are misdemeanor offenses. Maplewood, Minn. Zoning Ordinance § 36–8 (1988).

At trial, the environmental health officer was the only witness called by the prosecution. Nelson testified on her own behalf. The trial court found Nelson guilty of violating the ordinance and imposed a fine of $100, which was stayed provided Jerry was removed from the city within 10 days.[3] Nelson admits that Jerry does, in fact, perform each morning in conformity with his nature but claims that the statute does not apply to her pet rooster because he is neither livestock nor an animal causing a nuisance under the ordinance.

## ISSUE

Did the trial court correctly determine that Nelson's keeping a rooster as a pet violates Maplewood, Minn. Zoning Ordinance § 36–66(c)(1) (1988)?

(1) The raising or handling of livestock or animals causing a nuisance, except for licensed kennels.

3. Although the ordinance provides that violations are misdemeanors, the Maplewood attorney stated in his brief that he certified the alleged violation as a petty misdemeanor pursuant to Minn.Stat. § 609.131 (1990). Nothing in the record, however, indicates that a motion to certify was made by the prosecutor or, if a motion was made, that the court either acknowledged or approved a certification as required by the statute. The court did, however, impose a petty misdemeanor sentence.

## ANALYSIS

The interpretation of a zoning ordinance is a question of law which this court reviews de novo. *BBY Investors v. City of Maplewood*, 467 N.W.2d 631, 634 (Minn. App.1991), *pet. for rev. denied* (Minn. May 23, 1991).

The ordinance in dispute clearly prohibits (1) all livestock, and (2) any animal causing a nuisance. We acknowledge that a crowing rooster may well constitute a nuisance, but at trial the city expressly waived this issue and prosecuted its case solely on a theory that, under the ordinance, a rooster is livestock as a matter of law.

Since "livestock" is not defined in the ordinance, Maplewood relies on a dictionary definition of the term as "domestic animals kept for use on a farm or raised for sale and profit." *Webster's New Twentieth Century Dictionary* 1059 (2d ed. 1979). Other authorities have also defined livestock broadly enough to encompass roosters. *See, e.g., Meader v. Unemployment Compensation Div.*, 64 Idaho 716, 136 P.2d 984, 987 (1943) ("Livestock" in its generic sense includes all domestic animals.).

At least as commonly, however, the term livestock is defined as separate from chickens. Minnesota's own statutes consistently define "livestock" as "cattle, sheep, swine, horses, mules and goats." *See, e.g.,* Minn. Stat. § 17A.03, subd. 5 (1990). When the legislature intends to reach chickens, it uses the term poultry, often in conjunction with livestock. *See* Minn.Stat. § 169.81, subd. 8 (1990) (regulating "livestock or poultry loading chute trailers"); Minn.Stat. § 343.21, subd. 8 (1990) (cruelty to animals provision referring to "livestock or poultry exhibitions"). Clearly the lawmakers of this state understand livestock to be a category of animal distinct from poultry.

Other state statutes also define livestock to include four-legged animals, but not chickens or other poultry. *See, e.g.,* Colo. Rev.Stat. § 35–46–101(2) (1984) ("livestock" defined as "horses, cattle, mules, asses, goats, sheep, swine, buffalo, and cattalo"); Neb.Rev.Stat. § 54–101(15) (1988) ("livestock" means "any domestic cattle, horses, mules, donkeys, sheep, or swine").

Because the meaning of livestock is not entirely certain, we turn to rules of construction to resolve the ambiguity. Minnesota courts have often recognized that because zoning ordinances restrict common law rights, they should be strictly construed against the governmental unit and in favor of property owners. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980); *see also Farmington Tp. v. High Plains Coop.*, 460 N.W.2d 56, 58 (Minn.App.1990). In light of this principle, we give "livestock" a less inclusive meaning than does the city and conclude that the term as used in the Maplewood Zoning Ordinance does not reach chickens or other poultry.

Our conclusion is further supported by the fact that the ordinance expressly establishes that violations will be misdemeanors and therefore punishable by up to $700 in fines and 90 days incarceration. *See* Minn. Stat. § 609.02, subd. 3 (1990). The criminal consequences which attend violations of the ordinance also obligate us to construe its provisions strictly in favor of the accused. *See State v. Larson Transfer & Storage, Inc.*, 310 Minn. 295, 246 N.W.2d 176 (1976) (penal provisions of statutes and ordinances are strictly construed such that person subject to criminal liability is reasonably certain that conduct is a criminal offense).

Nelson should not bear the penal consequences of an ordinance the terms of which are reasonably capable of different meanings. Because a pet rooster does not plainly fall under the definition of livestock as used in the ordinance, we reverse Nelson's conviction.

## DECISION

We reverse the trial court and hold that a pet rooster does not clearly constitute livestock for purposes of sustaining a conviction under the Maplewood Zoning Ordinance.

Reversed.