*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0961**

Bio Wood Processing, LLC,
Relator,

vs.

Rice County Board of Commissioners,
Respondent.

**Filed November 16, 2015
Affirmed; motion to supplement the record denied
and motion to strike granted in part
Stoneburner, Judge[*]**

Rice County Board of Commissioners

Matthew C. Berger, Dustan J. Cross, Peter J. Hemberger, Gislason & Hunter LLP, New Ulm, Minnesota (for relator)

Paul D. Reuvers, Nathan C. Midolo, Iverson Reuvers Condon, Bloomington, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Stoneburner, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**STONEBURNER**, Judge

Following this court's reversal and remand of denial of an application for an amended conditional-use permit to correct a procedural defect, respondent again denied the application. On appeal, relator asserts that respondent's denial of the application violated relator's due-process and equal-protection rights, was arbitrary and capricious, and was unsupported by the record. We affirm.

## FACTS

Relator Bio Wood Processing, LLC, recycles wood products into animal bedding and mulch at a facility in Rice County near Faribault. Bio Wood's facility is located in an urban-reserve zoning district in which Bio Wood's business is a conditional use under Rice County's zoning ordinance.

In 2011, Bio Wood was granted a conditional-use permit (CUP) that allowed Bio Wood to grind wood materials between 8:00 a.m. and 5:00 p.m., Monday through Friday, and between 8:00 a.m. and 12:00 p.m. on Saturdays. The CUP had no other restrictions.

In 2013, Bio Wood applied for and respondent Rice County Board of Commissioners (board) granted an amended CUP, expanding wood-grinding hours, but restricting all of Bio Wood's operations to the hours of 7:00 a.m. to 10:00 p.m., Monday through Friday, and 7:00 a.m. to 3:00 p.m. on Saturdays.

In 2014, Bio Wood applied for a second amended CUP, seeking to remove all restrictions on its hours of operation. At a public hearing before the planning commission, Bio Wood asserted that increased demand for its product requires 24/7

delivery of wood to the facility, but residents living near the facility voiced opposition to the removal of restrictions based primarily on their experience with noise, the number of trucks delivering wood to the facility, and dust. The planning commission unanimously approved a motion to recommend denial of the application. After the planning commission's public hearing, a written report of the planning commission hearing was prepared, which contained seven paragraphs of factual findings. The board subsequently considered Bio Wood's application at a public hearing and unanimously approved a motion to adopt the recommendation of the planning commission to deny the application. The board chair signed a written resolution reflecting the board's denial of the application and incorporating the seven findings of fact contained in the report of the planning-commission hearing.

Bio Wood appealed by writ of certiorari, and this court held that the plain language of Rice County, Minn., Zoning Ordinance (RCZO) § 503.05(H)(8) (2012) requires "the planning commission to make formal findings in the course of a public meeting, either by stating them orally or by approving a previously prepared document that includes written findings." *Bio Wood Processing, LLC v. Rice Cty. Bd. of Comm'rs*, No. A14-0990, 2015 WL 1608793, at *3 (Minn. App. Apr. 13, 2015). We reversed and remanded the board's decision to deny the CUP application because the planning commission never "formally adopt[ed] the findings 'on the record.'" *Id.*

On remand, the planning commission denied Bio Wood's request to reopen the record to permit evidence of recent noise-level testing and increased need for animal bedding. The planning commission reviewed the record of the public hearing,

3

unanimously adopted the previously prepared findings, and voted to recommend denial of the application. The board subsequently discussed the application, noted that public hearings had been held and that the record was closed, voted to adopt the planning commission's findings, and denied the CUP application. This certiorari appeal followed, during the pendency of which the board moved to strike portions of Bio Wood's brief and Bio Wood moved to supplement the record.

## D E C I S I O N

### *Substantive issues*

"This court will uphold a county's decision to approve or deny a [CUP] unless our independent review of the record determines the decision was arbitrary, capricious, or unreasonable." *Yang v. Cty. of Carver*, 660 N.W.2d 828, 832 (Minn. App. 2003). A CUP applicant bears the burden to demonstrate that a county board's reasons for denying a permit "are legally insufficient or had no factual basis in the record." *Id.*

Bio Wood first challenges the board's refusal to open the record on remand as a violation of its procedural due-process rights. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. Procedural due process constrains governmental actions that deprive individuals of liberty or property interests. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 333, 96 S. Ct. at 902 (quotation omitted). Bio Wood argues that because so much time elapsed between the public hearings on its application for an unrestricted CUP and the board's decision on

4

remand, it was denied the opportunity to be heard at a meaningful time and in a meaningful manner. We disagree.

This court's reversal of denial of the CUP was based on a procedural defect in the proceedings and was not based on any inadequacy in the record developed in the initial proceedings. Bio Wood sought to reopen the record to introduce evidence that could have been, but was not, presented in the original proceeding and evidence of events subsequent to the original proceedings that have increased need for its product. The change in circumstances may be appropriately considered should Bio Wood submit a new application for an amended CUP, but is not relevant to the application at issue in this case. We conclude that the decision not to reopen the record on remand did not violate Bio Wood's procedural due-process rights because it had a full opportunity to be heard in the original proceedings.[1]

Bio Wood next argues that the board's denial of its application was arbitrary and capricious because the board failed to engage in reasoned decision-making on remand. This argument is based on the board's failure to discuss in detail the substance of the findings recommended by the planning commission before agreeing to adopt them and treatment of the proceedings on remand as merely correcting a technical error.

---

[1] Bio Wood also asserts that a new record was required on remand due to one change in the membership of the planning commission. But the new commissioner, who was fully apprised of the record and prior proceedings, stated on the record that he had reviewed the prior record and agreed to deny the application. Bio Wood has failed to demonstrate that the change in planning-commission membership required reopening of the record on remand.

"A county's denial of a [CUP] is arbitrary where the applicant establishes that all of the standards specified by the zoning ordinance as conditions of granting the [CUP] have been met." *Yang*, 660 N.W.2d at 832. "When a county states reasons for denying the [CUP], a reviewing court may reverse the decision if the reasons are legally insufficient or if the decision is without factual basis." *Bartheld v. Cty. of Koochiching*, 716 N.W.2d 406, 411 (Minn. App. 2006). "[A] prima facie case of arbitrariness exists if the county board's decision is not accompanied by findings to show that its action was reached upon a consideration of the facts and was passed upon reason rather than the mere individual whim of the members." *Crystal Beach Bay Ass'n v. Cty. of Koochiching*, 309 Minn. 52, 55, 243 N.W.2d 40, 42 (1976) (quotation omitted).

Here, the board's original denial of the application for an unrestricted CUP was reached after a public hearing and consideration of the planning commission's recommendation. Based on that consideration, the board unanimously approved the planning commission's recommendation to deny the application and subsequently issued a resolution adopting the findings of fact that were submitted to the board. *See Bio Wood Processing, LLC*, 2015 WL 1608793, at *1. The procedural defect that resulted in reversal of that decision and remand was not due to the conduct of the board. While the board's post-remand adoption of the planning commission's factual findings was somewhat pro forma, the remand from this court did not require that the board revisit its earlier analysis and reasoning in reaching the same conclusion on the same facts and nearly identical factual findings.

6

Bio Wood asserts that the factual findings are not supported by the record. But the planning commission transcript shows that it considered each of the topics related to the findings it eventually made on the record: the concern about nighttime noise, the best interests of the community in restricting nighttime noise, the incompatibility of unrestricted use with the uses of surrounding land, the negative effect that 24/7 use would have on a business, Bio Wood's inconsistent compliance with previous CUP conditions, and the necessity of restricting hours of operation to protect public health and safety. And the findings relate specifically to the county zoning criteria for granting a CUP. RCZO § 503.05(E)(2) (2012). We find no merit in the argument that the factual findings are not supported by the record.

Bio Wood's final argument is that the board's denial of its application is arbitrary because it treats Bio Wood differently than other similarly situated businesses by imposing restrictions on Bio Wood's hours of operation. *See Nw. College v. City of Arden Hills*, 281 N.W.2d 865, 869 (Minn. 1979) (requiring a zoning ordinance to "operate uniformly on those similarly situated"). This argument fails because Bio Wood did not establish that the other businesses it referred to are similarly situated.

### *Pending motions*

We grant the board's motion to strike an April 28, 2015 letter from Bio Wood's attorney to the county zoning administrator, with attachments, and the May 2, 2015 responsive letter from the county notifying Bio Wood's attorney that the planning commission would not reopen the record on remand. *See Thiele v. Stich*, 425 N.W.2d 580, 582-83 (Minn. 1988) ("An appellate court may not base its decision on matters

7

outside the record on appeal, and may not consider matters not produced and received in evidence below."); *see also* Minn. R. Civ. App. 110.01 (stating that in all cases, the papers filed, exhibits, and transcripts are part of the record), 115.04, subd. 1 (providing for general use of appellate rule 110 in certiorari appeals). We also deny Bio Wood's motion to supplement the record with these documents. *In re Livingood*, 594 N.W.2d 889, 893 n.3 (Minn. 1999) (stating that in reviewing a county board's decision to deny a permit, an appellate court "should . . . confine itself at all times to the facts and circumstances developed before that body" (quotation omitted)). Although these letters concern the proceedings on remand, there was no additional record developed on remand. And the attachments to the April 28, 2015 letter contain materials extraneous to the record of the original denial of Bio Wood's application. *See In re Block*, 727 N.W.2d 166, 176-77 (Minn. App. 2007) (granting motion to strike documents in a party's appendix and appellate brief that were not contained in the record below).[2]

**Affirmed; motion to supplement the record denied and motion to strike granted in part**.

---

[2] Although we do not condone the failure to comply with Minn. R. App. P. 130.02(b), we decline to strike additional materials contained in Bio Wood's appellate brief addendum on the basis that they minimally exceed the 50-page limit to an addendum set forth in the rule.